IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MANETIRONY CLERVRAIN, <br> Reg. No. 96396-004, <br><br> Plaintiff, <br><br> v. <br><br> STEVEN T. MARSHALL, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) CIVIL ACTION NO. <br> ) 2:20-CV-1024-WHA-CSC <br> ) (WO) <br> ) <br> ) <br> ) <br> ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

Manetirony Clervrain filed this complaint alleging, among things, his mistreatment by persons at the Moore Detention Facility in Oklahoma. Doc. # 1. Clervrain's complaint, which comprises an amalgam of unrelated statements and allegations, names Alabama Attorney General Steven T. Marshall as Defendant. *Id.* at 1. However, Clervrain's allegations support no plausible claim against Marshall. With his complaint, Clervrain moves for leave to proceed *in forma pauperis*. Doc. # 2.

**II. DISCUSSION**

Under 28 U.S.C. § 1915(g), commonly called the "three strikes rule," a prisoner may not bring a civil action *in forma pauperis* if he "has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to

state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."[1]

Clervrain is a prolific filer of federal civil actions deemed frivolous. Court records establish that Clervrain, while incarcerated or detained, has on at least three prior occasions had civil actions and/or appeals dismissed as frivolous, as malicious, for failure to state a claim, and/or for asserting claims against defendants immune from suit under 28 U.S.C. § 1915.[2] The cases upon which this court relies in finding a § 1915(g) violation with Clervrain's instant complaint are: *Clervrain v. Revell*, No. 18-3166-SAC, 2018 WL 5281366, at *1 (D. Kan. Oct. 24, 2018); *Clervrain v. Brownback*, No. 5:19-CV-3040-SAC, ECF No. 5 (D. Kan. order filed May 8, 2019) (collecting cases); *Clervrain v. Holder*, No. 1:19-CV-890-UNA, ECF No. 51 (D.D.C. order filed Jan. 28, 2020); and *Clervrain v. Samuel, Jr.*, No. 1:19-CV-468, ECF No. 48 (D.D.C. order filed Mar. 13, 2019) (collecting cases).

Because Clervrain has had at least three prior qualifying dismissals, he may not proceed *in forma pauperis* here unless he demonstrates he is "under imminent danger of

---

[1] Title 28, § 1915(e) requires the federal courts to review complaints filed by persons who are proceeding *in forma pauperis* and to dismiss, at any time, any action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). "[A] complaint . . . is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hawkins v. Coleman Hall*, C.C.F., 2011 WL 5970977, at *2 (3d Cir. 2011) ("An appeal is frivolous when it lacks an arguable basis either in law or fact.") (citing *Neitzke,* 490 U.S. at 325). Pursuant to § 1915(e)(2)(B), courts are "authorized to dismiss a claim as frivolous where 'it is based on an indisputable meritless legal theory or where the factual contentions are clearly baseless.'" *O'Neal v. Remus*, 2010 WL 1463011, at *1 (E.D. Mich. 2010) (quoting *Price v. Heyrman*, 2007 WL 188971, at *1 (E.D. Wis. 2007) (citing *Neitzke*, 490 U.S. at 327)).

[2] This court may take judicial notice of its own records and the records of other federal courts. *Nguyen v. United States*, 556 F.3d 1244, 1259 n.7 (11th Cir. 2009); *United States v. Rey*, 811 F.2d 1453, 1457 n.5 (11th Cir. 1987); *United States v. Glover*, 179 F.3d 1300, 1302 n.5 (11th Cir. 1999).

serious physical injury." 28 U.S.C. § 1915(g). In determining whether a plaintiff satisfies this burden, "the issue is whether his complaint, as a whole, alleges imminent danger of serious physical injury." *Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004). "A plaintiff must provide the court with specific allegations of *present imminent danger* indicating that a serious physical injury will result if his claims are not addressed." *Abdullah v. Migoya,* 955 F. Supp.2d 1300, 1307 (S.D. Fla. 2013)) (emphasis added); *May v. Myers*, 2014 WL 3428930, at *2 (S.D. Ala. 2014) (holding that, to meet the exception to application of § 1915(g)'s three strikes bar, the facts in the complaint must show that the plaintiff "was under 'imminent danger of serious physical injury' at the time he filed this action.").

Clervrain makes no claim that he is in imminent danger of serious physical injury. After careful review, and construing all allegations in favor of Clervrain, the court finds Clervrain may not avoid the bar of § 1915(g), because he does not provide the court with specific allegations of present imminent danger indicating that a serious physical injury will result if his complaint is not addressed. *See Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999) (holding that a prisoner who has filed three or more frivolous lawsuits or appeals and seeks to proceed in forma pauperis must present facts sufficient to demonstrate "imminent danger" to circumvent application of the "three strikes" provision of 28 U.S.C. § 1915(g)); *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002) (noting the imminent danger exception is available only "[w]hen a threat or prison condition is real and proximate, and when the potential consequence is 'serious physical injury.'"); *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 315 (3d Cir. 2001) ("By using the term 'imminent,' Congress

3

indicated that it wanted to include a safety valve for the 'three strikes' rule to prevent impending harms, not those harms that had already occurred.").

In light of the foregoing, this court concludes that Clervrain's motion for leave to proceed *in forma pauperis* should be denied and this case summarily dismissed without prejudice for Clervrain's failure to pay the requisite filing fee upon initiating this cause of action. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (finding "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee [and now applicable administrative fee] at the time he **initiates** the suit.") (emphasis in original); *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001) (same).

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

(1) Clervrain's motion for leave to proceed *in forma pauperis* (Doc. # 2) be DENIED; and

(2) This case be DISMISSED WITHOUT PREJUDICE for Clervrain's failure to pay the filing and administrative fees upon initiating the case.

It is further

ORDERED that the parties shall file any objections to this Recommendation by **March 31, 2021.** A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the

Magistrate Judge's findings and recommendations under 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 17th day of March, 2021.

/s/ Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE